UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA MAGALLANES CASTRO,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>   Defendant. | No. 2:22-cv-2112 TLN DB PS<br><br><br>ORDER |

Plaintiff Olivia Magallanes Castro is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the Court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about injuries caused in a vehicle accident while being transported by the Department of Homeland Security.

The Court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

1

1 pauperis status does not complete the inquiry required by the statute. "'A district court may deny
2 leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
3 complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d
4 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th
5 Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th
6 Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed
7 IFP because it appears from the face of the amended complaint that McGee's action is frivolous
8 or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the
9 District Court to examine any application for leave to proceed in forma pauperis to determine
10 whether the proposed proceeding has merit and if it appears that the proceeding is without merit,
11 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

12 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
13 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
14 state a claim on which relief may be granted, or seeks monetary relief against an immune
15 defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
16 arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
17 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
18 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
19 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

20 To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
21 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
22 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
23 true the material allegations in the complaint and construes the allegations in the light most
24 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
25 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
26 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
27 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
28 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint alleges that on September 18, 2013, plaintiff was "being transported by Homeland Security" and "the bus I was in crashed." (Compl. (ECF No. 1) at 5.) As a result, plaintiff suffered depression and PTSD. (Id.) While it is not clear exactly what cause of action plaintiff is attempting to assert, the complaint makes vague reference to "The FTCA." (Id. at 4.)

An action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action"). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

However, the FTCA "further provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim." Id. Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

3

1 | 28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." Valadez–Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quotation omitted). "We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006). "When a plaintiff fails to exhaust administrative remedies against the United States, as required by the FTCA, the proper route is dismissal" without prejudice. Wilson v. Horton's Towing, 906 F.3d 773, 783 (9th Cir. 2018).

Here, the complaint does not establish that plaintiff has complied with the exhaustion requirement of the FTCA. Moreover, plaintiff is advised that 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" However, "the FTCA's statute of limitations can . . . be tolled . . . for equitable considerations." Booth v. United States, 914 F.3d 1199, 1204 (9th Cir. 2019).[1]

## II. Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,

---

[1] Scrawled on the complaint is "Att: No. 2:15-cv-1734 KJN P." (Compl. (ECF No. 1) at 5.) That case number appears to correspond to a prior action plaintiff instituted in this court asserting these same allegations back in 2015. That action was dismissed without prejudice due to plaintiff's failure to provide a current address. See Magallanes-Castro v. Department of Homeland Sec., No. 2:15-cv1734 KJN P, 2015 WL 5598929, at *1 (E.D. Cal. Sept. 22, 2015).

1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed November 23, 2022 (ECF No. 1) is dismissed with leave to amend.

////

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

DATED: April 13, 2023                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.